# United States Tax Court

T.C. Summary Opinion 2023-15

JOHN J. EVAN AND CARISSA R. CLARK,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 24304-21S.                         Filed April 17, 2023.

————

John J. Evan and Carissa R. Clark, pro sese.

*Jeffrey E. Gold*, for respondent.

## SUMMARY OPINION

PANUTHOS, *Special Trial Judge*: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the Petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated June 28, 2021, respondent determined a deficiency in federal income tax of $6,321 and a section 6662(a) accuracy-related penalty of $1,264.20 for taxable year 2018 (year in issue).

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[2] the sole issue for decision is whether petitioners are entitled to a credit for prior year minimum tax for the year in issue.

*Background*

Some of the facts have been stipulated and are so found. We incorporate the Stipulation of Facts and the attached Exhibit by this reference. The record consists of the Stipulation of Facts with attached Exhibit, other Exhibits made part of the record, and the testimony of John J. Evan (petitioner).

Petitioners resided in Virginia when the Petition was timely filed.

I.     *Petitioners' Tax Returns*

Petitioner was married to his former spouse in years before 2016. He filed his 2016 tax return with a filing status of "single."

Petitioners timely filed their joint 2017 and 2018 Forms 1040, U.S. Individual Income Tax Return. They used OnLine Taxes (OLT) software to prepare their return. Petitioner had used OLT to prepare his returns in previous years.

For the year in issue, petitioners filed Form 8801, Credit for Prior Year Minimum Tax—Individuals, Estates, and Trusts, and reported $77,036 of credit carryforward from tax year 2017 and claimed $6,321 of prior year minimum tax credit.

Petitioner reported alternative minimum tax (AMT) of $2,712 for tax year 2012. Petitioner did not report AMT for tax years 2015 and 2016, nor did petitioners report AMT on their joint return for tax year 2017.

---

[2] Respondent concedes that petitioners are not liable for the section 6662(a) accuracy-related penalty for the year in issue.

In previous years, credit for prior year minimum tax was claimed as follows:

| Tax Year | Credit Amount Claimed |
| --- | --- |
| 2013 | $913 |
| 2014 | 857 |
| 2015 | 4,237 |
| 2016 | 1,174 |
| 2017[3] | 3,234 |

## II. *Examination*

Upon examination of the return, the Internal Revenue Service (IRS)[4] disallowed the credit for prior year minimum tax on the basis that the records indicated that petitioners "did not pay prior year minimum tax." On June 28, 2021, the IRS issued a notice of deficiency to petitioners for the year in issue disallowing $6,321 of claimed credit for prior year minimum tax.[5]

## *Discussion*

## I. *Burden of Proof*

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayers bear the burden of proving that the determination is in error. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Like deductions, tax credits are a matter of legislative grace, and the taxpayer bears the burden of proving

---

[3] Petitioners, together, claimed credit for prior year minimum tax for tax year 2017. For tax years 2013–16, petitioner individually claimed credit for prior year minimum tax.

[4] The Court uses the term "Internal Revenue Service" or "IRS" to refer to administrative actions taken outside of these proceedings. The Court uses the term "respondent" to refer to the Commissioner of Internal Revenue, who is the head of the IRS and is respondent in this case, and to refer to actions taken in connection with this case.

[5] Before trial, in response to a premature assessment, petitioners made a payment to the IRS of $8,522.23. Respondent made an abatement on petitioners' account, and a refund was issued to petitioners on September 16, 2022.

that he or she is entitled to any credit claimed. *See* Rule 142(a); *Deputy v. du Pont*, 308 U.S. 488, 493 (1940); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934). Taxpayers must also maintain adequate records to substantiate the amounts of any credits. *See* § 6001; Treas. Reg. § 1.6001-1(a).

In certain circumstances the burden of proof shifts to the Commissioner if the taxpayers introduce credible evidence with respect to any factual issues relevant to ascertaining the taxpayers' tax liability. *See* § 7491(a)(1). Because petitioners have not alleged or shown that section 7491(a) applies, the burden of proof remains on them.

II. *Credit for Prior Year Minimum Tax*

The AMT is calculated as the excess (if any) of the "tentative minimum tax" over the regular tax, and is imposed in addition to the regular tax. § 55(a), (c)(1). The "regular tax" is the income tax computed on taxable income by reference to the tax table or applicable rate schedule. §§ 1(a)–(d), 3(a), (c), 63; *see also* § 26(b). The tentative minimum tax is computed on an income tax base of alternative minimum taxable income, which is an income base broader than the usual base of taxable income for federal income tax in general. *See Allen v. Commissioner*, 118 T.C. 1, 5 (2002).

Section 53 authorizes a taxpayer to claim a credit for net minimum tax imposed in prior years, adjusted for specified items. The minimum tax credit allowable for a taxable year is the excess, if any, of the adjusted net minimum tax imposed for all prior taxable years, over the amount allowable as a credit under section 53(a) for all prior taxable years. *See* § 53(b). Form 8801 refers to this running total of allowable credit for a taxable year as a credit carryforward. The prior year minimum tax credit is limited to the amount by which a taxpayer's regular tax liability for the year the credit is claimed, less allowable credits, exceeds his tentative minimum tax for the year. § 53(c).

Petitioner testified at trial that OLT automatically generated his Form 8801 and that he had relied on the software to calculate the amount of tax credit to claim. Petitioner indicated that he had been unable to retrieve tax return documents for prior tax years from either OLT and/or the IRS. The IRS produced petitioner's tax return transcripts for years 2012, 2013, 2014, and 2015 and petitioner's

Integrated Data Retrieval System (IDRS)[6] transcripts for tax years 2007, 2009, 2010, 2011, and 2012.  These records do not establish that the AMT was imposed on petitioner in previous years except for tax year 2012.  While petitioner reported $2,712 of AMT for tax year 2012, credit was claimed in excess of this amount in subsequent years.  For tax years 2013 to 2016 petitioner claimed $7,181 in credit for prior year minimum tax.  Further, in tax year 2017 petitioners jointly claimed $3,234 in credit for prior year minimum tax.  Therefore, the record does not establish that there was prior year minimum tax credit carryforward available for the year in issue.

Petitioners bear the burden of proving that the AMT was imposed and that they are entitled to the claimed credits.  *See* Rule 142(a).  From the record before us, we are unable to conclude that there is prior year minimum tax credit carryforward from which petitioners could claim a credit for the year in issue.  Petitioners have failed to demonstrate their entitlement to the prior year minimum tax credit for the year in issue.

We have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.  To reflect the foregoing,

*Decision will be entered for respondent as to the deficiency and for petitioners as to the section 6662(a) accuracy-related penalty.*

---

[6] The IRS uses a computer interface called IDRS, which upon request from an authorized person, can generate transcripts of accounts to show some of the information stored in its computer systems.  *See generally* IRM 21.2.3 (Sept. 6, 2022).